UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )     **Case No. 3:13CR00236** |
| | )     **CHIEF JUDGE HAYNES** |
| CAROLINA SERRANO, | ) |
| | ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE
OF SUBSTITUTE ASSETS TO SATISFY $1,000,000.00 MONEY JUDGMENT
AGAINST DEFENDANT CAROLINA SERRANO**

IT IS HEREBY ORDERED THAT:

1.      As a result of the Order of Forfeiture Consisting of a $1,000,000.00 Money

Judgment pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461 against Defendant Carolina Serrano as to Count One of the Indictment

in this case, Defendant Carolina Serrano shall forfeit to the United States her interest in the

following real property as substitute property up to the value of the Money Judgment:

      a.   Real property commonly known as 3113 Chambley Court, Hermitage, TN 37076,

        Davidson County, Tennessee including all improvements thereon and

        appurtenances thereto and more particularly described as follows:

> Land in Davidson County, Tennessee, being Lot No. 115
> on the Plan of Section Two, Chesney Glen, a Planned Unit
> Development, of record in Plat Book 9700, page 434,
> Register's Office for Davidson County, Tennessee, to
> which reference is hereby made for a more complete and
> detailed description of said lot.
>
> Being the same property conveyed to Carolina Serrano, a
> married person, by Warranty Deed from Sherry K. Gregory
> of record in Instrument No. 20051201-0144423, Register's
> Office for Davidson County, Tennessee.

This Is Improved o property known as 3113 Chambley
Court, Hermitage, TN 37076.

b. Real Property commonly known as 415 Leisure Lane Antioch TN 37013,

Davidson County, Tennessee including all improvements thereon and

appurtenances thereto and more particularly described as follows:

Land in Davidson County, Tennessee being Lot No. 24, on
the Plan of Second Revision of Leisure Heights
Subdivision, Phase l, Section 2, Revised, of record in Book
6900, Page 440, Register's Office for Davidson County,
Tennessee, to which said plan reference is hereby made for
a more complete and accurate legal description thereof.

Being the same property conveyed to Carolina Del Carmen
Serrano Hernandez, by Special Warranty Deed from
Federal National Mortgage Association of record at
Instrument Number 20111020-0081711 in the Register of
Deeds Office for Davidson County, Tennessee.

Property: 415 Leisure Lane Antioch TN 37013
Parcel ID No.: 162-16-0-C-024.00-CO

c. Real Property commonly known as 11741 NW 11 Street, Pembroke Pines, FL

33026, Broward County, Florida including all improvements thereon and

appurtenances thereto and more particularly described as follows:

A Portion of Tract "A" of Pembroke Lakes Section Eight,
according to the plat thereof, recorded in Plat Book 108,
Page 47, of the Public Records of Broward County, Florida,
described as follows:

Commencing at the Southeast corner of Tract "A"; thence,
North 35 degrees 12:53" West, 962.76 feet; thence North
52.00 feet; thence East 25.83 feet; to the Point of
Beginning; thence North 38.00 feet; thence East 17.67 feet;
thence South 38.00 feet; thence West 17.67 feet; to the
Point of Beginning; said lands situate, lying and being in
Broward County Florida.

2

Also described as Unite No. 11741 in Building 19 of Pierpointe Two, according to the Declaration of Covenants and Restrictions Pierpointe Two Townhome Association recorded in Official Records Book 12686, Page 706 and amended by instruments recorded in Official Records Book 13625, Page 202 and Offici8al Records Book 13915, Page 545 all the Public Records of Broward County, Florida.

Being the same property conveyed to Carolina Del Carmen Serrano Hernandez, by Special Warranty Deed from HSBC Bank, USA, National Association as Trustee on behalf of SG Mortgage Securities Trust 2007 AHLI Asset Backed Certificates Series, 2007 AHL1of record at CFN# 110951301 or Bk 49008 Page 660-661 at the Broward County Commission.

Property: 11741 NW 11 Street, Pembroke Pines, FL 33026
Parcel ID No.: 514012-11-0240

d. Real Property commonly known as 12701 SW 13th St. #106, Pembroke Pines, FL

33027, Broward County, Florida including all improvements thereon and

appurtenances thereto and more particularly described as follows:

Condominium Parcel No. 106, Building F, of Cambridge at Century Village Condominium #IV, according to the Declaration of Condominium thereof, as recorded in Official Records Book 17300, Page 930, of the Public Records of Broward County, Florida, as may be and/or has been amended from time to time.

Being the same property conveyed to Carolina Del Carmen Serrano Hernandez, a single woman by Quit Claim Deed from Yolima Jose Louis, a single woman of record at Instrument Number 111640188 or BK 49941 Pg344-345 in the Broward County Commission, Florida.

Property: 12701 SW 13th St. #106, Pembroke Pines, FL 33027
Tax ID: 5140-14-BM-1180

(hereinafter referred to collectively as 'Subject Property").

3

2.     The Court has determined, based on the Affidavit of Special Agent William DeSantis filed in this matter, that the Subject Property is property owned by the Defendant Carolina Serrano and the aggregate net value of the Subject Property does not exceed $1,000,000.00 which subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

3.     Upon the entry of this Order, the Secretary of the Treasury (or his designee) is authorized to post notice of the forfeiture on the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4.     Upon entry of this Order, the Secretary of the Treasury (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5.     Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Secretary of the Treasury (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6.     Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

4

7.     Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8.     After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.     The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.     The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this 2d day of September, 2014.


William J. Haynes, Jr.
United States District Chief Judge

5